DECISION AND JUDGMENT ENTRY
Washington County Sheriff Robert Schlicher appeals the decision of the Washington County Court of Common Pleas finding R.C. 2967.28
unconstitutional and issuing a writ of habeas corpus to him ordering the discharge of John Carl Woyan. He argues that R.C. 2967.28 does not violate the due process clauses of the Ohio or United States Constitutions or violate the separation of powers doctrine. Because the Ohio Supreme Court has determined that the statute does not violate the due process clauses of the Ohio or United States Constitutions or violate the separation of powers doctrine, we agree. Accordingly we reverse the judgment of the trial court.
 I.
In 1999, Woyan pled guilty to theft. The court sentenced him to confinement. Woyan was released in February 2000. In May 2000, he violated the conditions of his post release control and the Adult Parole Authority ordered him confined in the Washington County Jail. Woyan filed a complaint in habeas corpus seeking his release and alleging that R.C.2967.28 is unconstitutional because it violates the separation of powers doctrine. On May 16, 2000, the trial court held a hearing[1] on Woyan's complaint. At the hearing, Woyan argued that R.C. 2967.28 is unconstitutional because it violates the separation of powers doctrine and the due process clause of the Ohio and United States Constitution. He did not assert that the statute was void for vagueness.
On May 17, 2000, the trial court held that the statute violated the separation of powers doctrine and the due process clause of the Ohio Constitution. Accordingly, the trial court granted the writ.
Schlicher appeals and asserts the following assignment of error:
The trial court erred in finding O.R.C. 2967.28 unconstitutional.
 II.
Schlicher argues in his only assignment of error that the trial court erred by finding R.C. 2967.28 unconstitutional. He asserts that the Ohio Supreme Court has held that the statute does not violate the constitutional separation of powers doctrine or the Due Process Clause. We agree. "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitution." Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus. See, also, State ex rel. Mosley v. Nichols (2001),90 Ohio St.3d 517, 518.
We decline to address Woyan's argument that R.C. 2967.28 is void for vagueness because he failed to raise this argument in the trial court.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.3d 41, 43; In re Estateof Counts (Sept. 18, 2000), Ross App. No. 99CA2507, unreported.
Accordingly, we sustain Schlicher's assignment of error and reverse the judgment of the trial court. We remand this case for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _____________________ Roger L. Kline, Judge
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] The trial court consolidated this case with another habeas corpus complaint against Schlicher, which also alleged that R.C.2967.28 is unconstitutional.